**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| APRIL STEWART<br>　*Plaintiff,*<br><br>L.A. FITNESS INTERNATIONAL, L.L.C<br>　*Defendant* | §<br>§<br>§　CIVIL ACTION No. 4-12-cv-100<br>§<br>§<br>§ |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 4, 2013, the Magistrate Judge entered his report containing proposed findings of fact and recommendations that Defendant L.A. Fitness International's Motion for Summary Judgment [Doc. # 16] be denied in part and granted in part [Doc. # 21]. Specifically, the report recommends that Plaintiff's claims for retaliation under Title VII and for intentional infliction of emotional distress under Texas law be dismissed but that Plaintiff's sexual harassment claim alleging a hostile work environment should proceed to trial.

Defendant objects to the report and recommendations on the grounds that (1) Plaintiff's allegations fail to constitute an objectively severe or pervasive hostile work environment; and (2) Defendant took prompt remedial action such by investigating the allegations and offering Plaintiff a transfer to another location. [Doc. # 24]. Plaintiff subsequently filed a response to Defendant's objections urging that this court adopt the Magistrate Judge's report and recommendation in its entirety. [Doc. # 25].

1

The court adopts the Magistrate Judge's findings of fact and recommendations that Plaintiff's claims for retaliation under Title VII and for intentional infliction of emotional distress under Texas law be dismissed as neither party has objected to this finding. As to Plaintiff's hostile work environment claim, the court is of the opinion Defendant has failed to show that no genuine issue of material fact exists, so Defendant's motion for summary judgment on this claim should be denied. A review of the briefing, however, indicates that the parties may misunderstand the applicable burden of proof in a Title VII hostile work environment case where a supervisor in the employee's chain of command —as opposed to a co-worker— is accused of sexual harassment. *See Watts v. Kroger Co.*, 170 F.3d 505, 509-10 (5th Cir. 1999)(stating that under *Burlington* and *Faragher*, when employees bring a Title VII sexual harassment case alleging that a supervisor harassed the employee, the employee need not prove that the employer knew or should have known of the harassment in question and failed to take prompt remedial action. In such a case, an employer has the option of asserting the *Ellerth/Faragher* affirmative defense and bearing the burden of proving it).

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 16] is **GRANTED** in part and Plaintiff's claims for retaliation under Title VII and for intentional infliction of emotional distress under Texas law are **DISMISSED**. **IT IS FURTHER ORDERED THAT** the motion is **DENIED** as to Plaintiff's claim for hostile work environment under Title VII.

So **ORDERED** and **SIGNED** this **6** day of **March, 2013.**

_____
Ron Clark, United States District Judge